IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NENAD DJONDRIC,                    )
                                   )
              Plaintiff,           )         4:05CV3142
                                   )
         v.                        )
                                   )
ROGER L. SCHWAB II,                )         MEMORANDUM AND ORDER
                                   )
              Defendant.           )
                                   )

     Defendant has filed a motion *in limine* in which he (1) challenges the expert testimony of Dr. Terry L. Stentz regarding the placement and position of a traffic sign as relates to the car accident forming the basis of this case; (2) seeks an order excluding reference to the defendant's use of alcohol on the evening of the accident; and (3) seeks an order declaring admissible evidence before and findings of the Nebraska Workers' Compensation Court regarding a back injury sustained by the plaintiff prior to the car accident forming the basis of this case as well as his treatment for that injury and his condition. At the pretrial conference defendant's counsel conceded the motion regarding defendant's use of alcohol the night of the accident.  Defendant continues to press the remaining two bases for the motion.  Defendant's Reply Brief, Filing 58.

     Defendant's motion challenges the admissibility of Dr. Stentz's expert testimony on the basis of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. Defendant concedes that Dr. Stentz is an expert, that is, that his qualifications enable him to draw expert conclusions and to testify to them, provided they are relevant and the result of reliable scientific testing.  I agree.  His *curriculum vitae* sets forth his ample qualifications as an industrial engineer, human

factors engineer and safety engineer.  Filing 56, pp. 7-10.
Defendant argues, however, that Dr. Stentz "does not have a basis
to make an opinion" regarding the placement of the sign on the
roadway.  Defendant's brief, Filing 51, p. 1.  Defendant also
argues that Dr. Stentz's testimony is not relevant, because it is
not the result of scientific inquiry, would not assist the trier
of fact, and is outside his expertise.  *Id*. pp. 2, 4-5;
Defendant's Reply Brief, Filing 58, pp. 2-3.

In response to the motion, plaintiff has filed the report
and an affidavit of Dr. Stentz in which he describes his
qualifications and the procedures he used in arriving at his
opinions.  He states three opinions in his report.  Filing 53,
Exhibit A.  However, defendant challenges only the one relating
to the location and position of the sign at the time of the
accident.  In this regard, Dr. Stentz states that he used the
"chain-of-events causation model" which he describes as a multi-
step process "widely recognized in the transportation safety
engineering field as well as other safety science fields," Filing
56, p.3, and which he describes as a "*post hoc*consideration of
physical observations, reports and documentation, evidence or
data gathered or analyzed, damages assessment, and human factors
knowledge to determine how an accident occurred which is
consistent with the undisputed information obtained."  *Id*.  He
sets forth the facts he gathered in investigating the accident,
including the statement and testimony of the plaintiff, two
visits to the site to obtain measurements of the sign (actually,
a similar sign) and the median's height, accident reports, and
five depositions, including those of the plaintiff, defendant,
and Allen K. Lee of the Lincoln Public Works Department.  He then
sets forth his conclusions from this process.

However, neither Dr. Stentz's report nor his affidavit sets forth a full description of the "chain-of-events causation model" or how, exactly, it is reliable and scientifically valid.  His conclusion that it is "widely recognized in the transportation safety engineering field as well as other safety science fields" is stated, but there is no description of its being peer reviewed or what its requirements are, nor what, if any, factors can influence its use beyond the objective information obtained in an investigation.  Importantly, there is no description of Dr. Stentz's methodology utilized in applying the model to his measurements and observations in this case or whether his methodology comports with the model's requirements.

His report does describe his measurements in this case, including the lighting conditions, weather conditions, the color of the roadway, the dimensions of a sign he assumed from Lee's deposition testimony was the same as the subject sign, and that the height of the median was "approximately 4 to 5 inches." Filing 53, Exhibit A, p. 5.  He has not, however, explained what calculations, if any, he utilized in arriving at his conclusions. His report and affidavit appear to merely summarize in a common-sense way, ordinary observations and logical inferences therefrom, but they do not set forth the use of any engineering principles or applications to verify those inferences.[1] Particularly troubling is his conclusion, "Additionally I concluded the damage to the vehicle was caused by striking the sign, because the police reports did not indicate any evidence of his vehicles [sic] impact with the curb.  There were also

---

[1] His affidavit does state, "My opinion is therefore based in part on the physics of motion, which is the underlying basis of many engineering principles, given that this is a case of a moving object hitting a stationary object."  Filing 56, p. 5. There is no elaboration of this statement.

3

indications of damage on the left rear door which could only have
been caused by the sign's reaction to the force because the curb
could not have caused damage at that height." Filing 56, pp. 5-
6. There is no indication that he observed the vehicle or
measured the height of the damage to the left rear door, nor that
he utilized any engineering analysis to exclude other,
alternative possibilities, such as that the damage to the left
rear door of the vehicle was pre-existing damage.

In short, plaintiff has not shown the opinion of Dr. Stentz
regarding the location of the sign at the time of the accident to
be the result of reasonable and reliable scientific testing or
the proper application of scientific methods of investigation.
The motion *in limine* must be granted as it regards this opinion
of Dr. Stentz. His observations, however, and his other opinions
are admissible.

Defendant also seeks a ruling that the evidence and ruling
of the Nebraska Workers Compensation court in the plaintiff's
earlier compensation claim for a back injury should be admissible
in this case. Defendant argues that plaintiff is judicially
estopped from arguing a position other than that he had reached
maximum medical improvement from his injuries in the car accident
as of March 18, 2002. Filing 58, p.5. However, the record
contains no statement attributable to the plaintiff to that
effect. To the contrary, the court credited Dr. Vande Guchte's
description that plaintiff's injuries rendered difficult the task
of separating the two accidents' injuries; Opinion, Filing 59,
Exhibit A, p. 5; the court did not rely on any quoted statement
of the plaintiff himself. *Id*. The issues before this court are
not identical to those before the Compensation Court, and even if
they were, the evidence is not likely to be; there has been no

4

showing that the doctrine of collateral estoppel applies.  See, *U.S. v. Blumeyer*, 114 F.3d 758, 770-771 (8th Cir. 1997), *cert. denied*, 522 U.S. 938 (1997) (Findings and conclusions of judge presiding in receivership proceeding not admissible in civil trial to show insolvency).  While certain testimony from those proceedings, being under oath, may be admissible in this trial, depending on the circumstances, the record and the findings and conclusions of the presiding judge are not.  I shall deny the motion in this respect.

IT THEREFORE HEREBY IS ORDERED:

1.  That portion of the defendant's motion *in limine*, filing 50, which seeks to exclude evidence of alcohol use by the defendant on the evening of the accident, is denied as moot.

2.  That portion of the defendant's motion *in limine* which seeks to exclude the conclusions of Dr. Terry Stentz regarding the location of the sign at the time of the accident, is granted.

3.  That portion of the defendant's motion *in limine* which seeks admissibility of the evidence and conclusions of the Workers Compensation Court, is denied.

DATED this 8th day of November, 2006.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

5